## WEATHERBY v. TRAVELERS INDEMNITY CO.

### No. 2358.

Court of Civil Appeals of Texas. Eastland.

April 23, 1943.

Rehearing Denied May 21, 1943.

Wilkinson, Johnson & Bohannon, of Brownwood, for appellant.

Thompson, Knight, Harris, Wright & Weisberg, of Dallas, for appellee.

FUNDERBURK, Justice.

From a judgment awarding plaintiff recovery of $100, in a suit by Mrs. J. N. Weatherby against the Travelers Indemnity Company, upon a policy of theft insurance, the plaintiff has appealed. Her ground of dissatisfaction with the judgment is that under the construction of the policy contended for by her, the court should have given judgment awarding her recovery of $1,629.

The loss involved consisted of certain items of personal property taken from plaintiff's automobile while it was parked or standing under a shed, or porte-cochere, attached to or constituting part of, the building to which the policy related.

In our opinion, the correctness of the judgment may be said to depend upon whether or not the place where the automobile, from which the property was stolen, was standing at the time of the theft, was within an entrance or porch of a building.

■ The policy recognized that the "building" involved in the contract was fully described as a "private residence". It recognized a distinction between "building" and "out buildings". It recognized that, except as therein so provided, the words "building" and "premises" were not necessarily synonymous; that premises, under varying facts, might comprise either more or less than the building. For example, if more than one family occupied the building, then, according to the policy, the premises was less than the whole building. The policy specifically provided that " 'premises' includes the private garage, stable, or other out building, occupied by the assured, and located in or adjacent to the building containing the premises." Although the diction so employed is not faultless, the meaning, we think, is clear that the building does not include the private garage, stable, or other out building, but the building, being occupied only by the assured, was only a part of the premises which extended beyond such building and did include the private garage, stable, or other out buildings. The only practical importance, so far as we can see, of any distinction between "building" and "premises" is to permit proper application of the "conditions" to which the insurer's obligations were subject, according to the terms of the policy. The condition material in the present inquiry is that which limited the insurer's obligation to the payment of not exceeding $100, if the loss occurred "within entrances and porches not completely within the building containing the premises, but which are a part thereof." In different terms from those hereinbefore employed, we may restate the question under consideration as follows: was the shed, or porte-cochere, an entrance or porch pertaining to the building which constituted assured's private residence, or, in other words, the building as distinguished from the out buildings?

■ In Corpus Juris a good many definitions of the word "porch" are given. 49 C.J. 1083. It will be observed that practically all of them show that a porch is a particular kind of entrance. In the fewest words, a porch is a covered entrance to a building. The word "entrance" seems almost to define itself. Corpus Juris Secundum says that entrance is "A term meaning a door or gate for entering, a gate, an opening, and, perhaps, a passage * * *. The term has been held synonymous with 'approach' and 'entry' " 30 C.J.S., p. 266. As a part of a building, "Entry" is defined as "A passage leading into a house or other building or to a room; a vestibule." Id., p. 267. We think that the particular condition limiting the insurer's liability to $100 employs the words "entrances and porches", as meaning entrances, whether covered or not; and has reference to entrances to the dwelling house and not the garage or other out house.

The evidence, we think, raised no issue as to whether the shed, or porte-cochere, was an entrance to the building.

[3] Appellee makes a plausible argument that the porte-cochere is an entrance to the garage. This finds strong support in the definition of the term. Of "porte-cochere", Corpus Juris says it is "A term derived from 'porte' (gate) and cochere from 'coche' (coach), borrowed from the French. It is a large gateway allowing vehicles to drive into a courtyard. Sometimes in the United States it is applied erroneously to a covered carriageway, or carriage porch. In this sense it may or may

542

not be inclosed by gates or doors, the inclosed porte-cochere being well-known in this country. However, in this country, it is not used exclusively to signify a carriage porch." 49 C.J. p. 1087. If the garage was the building to which the condition related, appellee's argument would perhaps be unanswerable. The fault in it is, as we see it, that the garage under the terms of the policy, while a part of the premises, is not a part of the building. The condition under consideration does not refer to an entrance or porch of the premises, but of the building.

It is, therefore, our conclusion that according to the uncontroverted evidence, the loss did not occur within the terms of the condition limiting the insurer's liability to $100.

We are also of opinion that the amount of the loss was so clearly shown to exceed the sum of $1,629, that we may properly render judgment for plaintiff, awarding recovery of such sum instead of the $100, awarded by the court below. Accordingly, the judgment of the court below is reversed and judgment is rendered for plaintiff as aforesaid.